JOHN D. CARLTON, JR., AND BARBARA A. CARLTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Carlton v. Commissioner
Docket No. 20249-92
United States Tax Court
T.C. Memo 1994-74; 1994 Tax Ct. Memo LEXIS 75; 67 T.C.M. (CCH) 2240; February 24, 1994, Filed *75 An order of dismissal will be entered. John D. Carlton, Jr., and Barbara A. Carlton, pro se. For respondent: Judith C. Winkler. CLAPP
CLAPP
MEMORANDUM OPINION CLAPP, Judge: This matter is before us on respondent's motion to dismiss for lack of jurisdiction on the grounds that the petition in this case was not filed within the time prescribed by section 6213(a) or 7502. The issue for decision is whether petitioners were entitled to file their petition within 150 days after the notice of deficiency was mailed. We hold that they were not. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. Respondent issued a statutory notice of deficiency to petitioners at their last known address, 2373 SR 44, New Smyrna Beach, Florida, 32168, on June 3, 1992, determining the following deficiency in and additions to petitioners' Federal income tax: Additions to Tax Year Ended
Deficiency
Sec. 6651(a)(1)
Sec. 6662(d)
1989
$ 26,614
$ 6,654
$ 5,323
The 90-day period for filing a petition with this Court expired on September 1, 1992, *76 which date was not a legal holiday in the District of Columbia. On Friday, September 4, 1992, 93 days after the notice of deficiency was mailed, the Court received and filed the petition. The envelope in which such petition was mailed had a certified mail sticker and bore a legible United States postmark date of September 2, 1992, which date was 91 days after the date the deficiency notice was mailed. A petition for redetermination of a deficiency must be filed within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency is mailed to a taxpayer within the United States. Sec. 6213(a). We have long recognized that our jurisdiction is strictly limited by statute and unless a petition is filed within the time prescribed by statute, we lack jurisdiction and must dismiss the case for that reason. . Filing is completed when the petition is received by the Court, unless the exception provided by section 7502 applies. . Section 7502 provides that if certain documents *77 (including a petition to the Tax Court) are delivered by the United States mail after the time for filing them, if they were mailed timely, and if they bear a timely postmark made by the U.S. Postal Service, they will be considered to be filed on the date of the postmark. Sec. 7502(a)(1) and (2). It is clear that the petition was not mailed or received by this Court within the 90-day period prescribed by section 6213(a). In their notice of objection to respondent's motion to dismiss, petitioners stated that the statutory notice of deficiency was sent to their old office. Someone in charge of collecting petitioners' mail signed for it and saved it for them while they were "pulling horses around the U.S. for * * * over 2 months and out of the country for 2 weeks." Petitioners discovered the notice of deficiency when they "returned at the end of August and finally got to opening" their mail. They immediately contacted their accountant who filed a petition on their behalf. In order for petitioners to prevail, they bear the burden of showing that they come within the ambit of the provision allowing 150 days for the mailing of the petition where the notice is addressed to a person *78 outside of the United States. Rule 142(a). Although a literal reading of the statute suggests that the 150-day rule applies to notices addressed to taxpayers outside of the United States, this Court has interpreted the phrase to apply to taxpayers who are temporarily absent from the country. (citing . The taxpayer's absence from the country must result in delayed receipt of the deficiency notice. Id. In their supplemental objection petitioners presented photocopies of hotel bills and charge receipts for airline tickets establishing that they were in Nassau, Bahamas, from July 17 to July 26, 1992, and on Paradise Island, Bahamas, from August 6 to August 10, 1992. Petitioners assert that they were traveling around the United States both before and after their trips to the Bahamas. Petitioners were thus in the country on the date the notice of deficiency was issued and for some 6 weeks thereafter. Where a taxpayer was traveling around the United States when the statutory notice was issued, the delay in its receipt *79 was held not to result from his subsequent temporary trip outside of the country. . We conclude that it was petitioners' domestic travels, and not their trips to the Bahamas, that resulted in their delayed receipt of the statutory notice of deficiency. They are therefore not entitled to avail themselves of the 150-day filing period. Respondent's motion to dismiss will be granted. An order of dismissal will be entered.